# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| |
|---|
| STEVEN B. ANDERSON, |
|                Plaintiff, |
|  v. |
| DERBY BOARD OF EDUCATION, JANET ROBINSON, CITY OF DERBY, AND TONY STAFFIERI, |
|               Defendants. |

3:08 - CV - 1365(CSH)

## MEMORANDUM OPINION AND ORDER

HAIGHT, Senior District Judge:

## I.    INTRODUCTION

Plaintiff has brought this age discrimination action for unlawful termination of his employment. Two of the four named defendants have moved to dismiss the first two counts in Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The relevant facts, as set forth in the pleadings, appear below.

### A.    Facts

Plaintiff Steven B. Anderson (hereinafter "Plaintiff") was born on August 11, 1956. Doc. #1, p. 6 (¶ 2). He was hired as the "Director of Technology" by the Board of Education for the City of Derby ("BOE") in May of 2005. *Id.*, p. 7 (¶ 10); Doc. #17-1 (Anderson Dec. ¶ 2). On or about June 19, 2007, the BOE terminated Plaintiff's employment for the stated reason of "insubordination and outrageous behavior." Doc. #1, p. 7 (¶¶ 12, 14); Doc. #17-1 (¶ 3). On that date, Plaintiff was fifty years old. Doc. #15-2 (CHRO Complaint), p. 3 (¶ 4). Plaintiff maintains

that the BOE's stated reason for termination was pretextual in that he was actually terminated on the basis of his age.[1]  Doc. #1, p. 7 (¶15), Doc. #15-2, p. 3 (¶ 10).   The BOE replaced Plaintiff as Director of Technology with a younger employee.  Doc. #1, p. 7 (¶16); Doc. #15-2, p. 3 (¶ 11).

On December 13, 2007, Plaintiff filed a charge of  age discrimination and whistleblower retaliation and with the United States Equal Employment Opportunity Commission ("EEOC") and the State of Connecticut Commission on Human Rights and Opportunities ("CHRO").   Doc. #15-2, pp. 1-4; Doc. #17-1, pp. 1-2 (¶ 4).   Such filings took place within 180 days after the BOE's  discharge of Plaintiff.[2]

---

[1]Plaintiff also alleges that he was discharged in retaliation for repeatedly reporting to his employer about  "wrongful acts occurring within the Derby school system."  Doc. #1, p. 10-11 (Count Three ¶¶ 9-10).  *See also* footnote 6, *infra*.

[2]Plaintiff filed his complaint with the EEOC and CHRO in an apparent effort to comply with the filing deadlines set forth in the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626(d)(1)(B), and the Connecticut Fair Employment Practices Act ("CFEPA"),  Conn. Gen. Stat. § 46a-82(f).

Under the ADEA, an aggrieved party must file a claim with the EEOC within 300 days of the discriminatory action or within 180 days of the discriminatory action if the state involved has no agency authorized to investigate age discrimination.   Specifically, section 626(d)(1) provides:

(d)(1)  No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed--

(A) within 180 days after the alleged unlawful practice occurred; or

(B) in a case to which section 633(b) of this title applies [*i.e.*, where there is a state agency, such as the CHRO, that is authorized to investigate the discrimination], within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

29 U.S.C. § 626(d)(1)(A)-(B).

In his CHRO/EEOC Complaint ("CHRO Complaint"), Plaintiff listed "the BOE of the City of Derby and its agent, Janet Robinson, Superintendent of Derby Public Schools," as the sole respondents.[3]  Doc. #15-2, p. 1, l. 3, and p. 3 (¶ 2).  Plaintiff's CHRO Complaint made no mention of  the City of Derby (herein "Derby") or Derby's Mayor, Tony Staffieri.

On or about May 21, 2008, the CHRO released its jurisdiction over Plaintiff's age discrimination claim.  Doc. #1, p. 8 (¶ 22b.).   On August 15, 2008, Plaintiff commenced a civil action in Connecticut Superior Court for the Judicial District of Ansonia/Milford.  Doc. # 1, pp. 6-19 (Complaint).  The action commenced after the CHRO had terminated its proceedings, in compliance with  29 U.S.C. § 633(b), and more than 60 days after Plaintiff filed his charge with the EEOC (December 13, 2007), in accordance with  29 U.S.C. § 626(d).[4]

---

CFEPA, in contrast,  mandates that "[a]ny complaint filed pursuant to this section must be filed within one hundred and eighty days after the alleged act of discrimination."  Conn. Gen. Stat. § 46a-82(f).  Therefore, in the case at bar, Plaintiff was required to file his charge with the CHRO within 180 days, as set forth at Conn. Gen. Stat. § 46a-82(f), rather than the later 300-day EEOC deadline of 29 U.S.C. § 626(d)(1)(B).

[3]As described in Part I.A., *supra*, Plaintiff filed his discrimination charge with both the CHRO and EEOC.  He submitted the same complaint to each so, for the purpose of brevity, the Court will refer to that complaint herein simply as the "CHRO Complaint."

[4]29 U.S.C. § 633(b) relates to ADEA claims where there is a state agency authorized to investigate the discrimination.  That section prohibits a plaintiff from bringing a federal action from the time of the filing with the state agency until either (1) 60 days have elapsed or  (2) the state agency has terminated the proceedings.  Section 633 (b) thus states in relevant part:

(b) Limitation of Federal action upon commencement of State proceedings

In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title **before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings**

In his state court action, Plaintiff sued the following four defendants (herein "Defendants")  for unlawful termination of his employment: Derby; the BOE; the Mayor of Derby, Tony Staffieri; and the Superintendent of Schools for the City of Derby, Janet Robinson. Plaintiff's Complaint set forth five counts arising out of his discharge:  (1) unlawful age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1);[5] (2) unlawful age discrimination under the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60(a)(1);   (3) violation of public policy and the First Amendment;[6]  (4) breach of contract (*i.e.*, termination of employment despite satisfactory performance); and (5) promissory estoppel.[7]  Doc. #1, pp. 6-19.

On September 10, 2008, defendants BOE and Robinson removed the case to this Court on the ground that it has original jurisdiction over Plaintiff's claims arising under the ADEA, 9

---

**have been earlier terminated** . . . .

29 U.S.C. § 633(b) (emphasis added).  (For the text of 29 U.S.C. § 626(d), *see* footnote 2, *supra*.).

[5] For the text of  29 U.S.C. § 623(a)(1), *see* footnote 16, *infra*.

[6] Plaintiff bases this claim for "whistleblower" retaliation on his allegations that he observed and repeatedly reported to his employer "numerous unlawful and/or wrongful acts occurring within the Derby school system."  Doc. #1, p. 10-11 (Count Three ¶¶ 9-10); *see also* Doc. #17-1, p. 1 (¶ 3) (describing such acts as "gross mismanagement, embezzlement, waste of funds, fraud and payroll violations").  After Plaintiff allegedly reported these unlawful acts, Defendants terminated his employment.  Doc. #1, p. 11 (¶ 11); Doc. #17-1, p. 1 (¶ 3).  Plaintiff contends that his discharge violated his rights to free speech (under the First Amendment) and to act in accordance with public policy.

[7] Plaintiff alleges that Defendants induced him to relinquish other jobs and/or not to seek alternative employment by promising him that he "would not be terminated if he performed in a satisfactory manner."  Doc. #1, p. 12 (Count Five, ¶¶ 1-11).   In terminating him "with no legitimate reason," Plaintiff claims Defendants breached those promises and thereby caused him to suffer damages.  *Id*., p. 13 (¶¶ 12-14).

U.S.C. § 621 *et seq.*, and the First Amendment to the Constitution.   Doc. #1 (Notice of Removal), p. 2 (¶ 3). [8]   In addition, the removal notice stated that the Court may exercise supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1441(c).[9]   *Id.*   Plaintiff filed no motion to remand or otherwise indicated any intention to contest the removal of his case to district court within 30 days after the BOE and Robinson filed their notice of removal.[10]   Any procedural errors in removal have thus been waived.

---

[8]A district court has "federal question" jurisdiction if the plaintiff sets forth a colorable claim under the Constitution or federal statute.  28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

[9]28 U.S.C. § 1441(c) states:

(c)  Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

[10]Only two of the four Defendants, the BOE and Robinson,  joined in the petition for removal within the mandatory 30-day period under 28 U.S.C. § 1446(b).   Neither Derby nor Staffieri joined in the petition or otherwise provided the Court with  written consent to removal. Defendants' notice of removal therefore violated the "unanimity rule" in that not all named defendants provided written consent to removal during the mandatory 30-day period.  *See Edelman v. Page*, 535 F. Supp. 2d 290, 292-93 (D. Conn. 2008) (applying unanimity rule to remand case to state court);  *National Waste Associates, LLC v. TD Bank, N.A.*, No. 3:10-CV-289 (CSH), 2010 WL 1931031, at *2-3 (D. Conn. May 12, 2010) (same).   Despite Defendants' apparent breach of the "unanimity rule," and in the absence of any objection from Plaintiff, the case has remained in district court.   Defects in removal are procedural rather than jurisdictional.  *Edelman*, 535 F. Supp. 2d at 292.   By failing to file a motion to remand within 30 days after only two of the four Defendants filed their notice of removal, Plaintiff waived any objection to removal.  *See* 28 U.S.C. § 1447(c) (setting forth 30-day period to file motion to remand).  *See also Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 315 (2d Cir. 2005) (plaintiff waived objection to removal when he failed to file motion to remand within statutorily prescribed period).

**B.**     **Current Motion to Dismiss**

Pending before this Court is a motion to dismiss filed by Defendants Staffieri and Derby,

requesting dismissal of Counts One and Two of Plaintiff's Complaint on the grounds that each

count fails to state a claim upon which relief may be granted and/or falls outside the subject

matter jurisdiction of the Court. *See* Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[11]

First, Defendant Staffieri contends that Counts One and Two should be dismissed as to him

because there is no individual  liability under the ADEA or CFEPA.  Consequently, Staffieri

contends that  pursuant to Fed. R. Civ. P. 12(b)(6), these counts fail to set forth valid claims against

him in that no relief may be granted under any set of facts that might support Plaintiff's claim.

Second, Defendant Derby asserts that by omitting Derby as a  respondent in Plaintiff's

complaint  filed  with  the  CHRO  and  EEOC,  Plaintiff  has  failed  to  exhaust  his  administrative

remedies as to Derby under the ADEA or CFEPA.  Therefore, Derby maintains, these claims must

be dismissed against  it because the Court lacks subject matter jurisdiction over them pursuant to

Fed. R. Civ. P. 12(b)(1).

Third, Derby asserts that the Court lacks subject matter jurisdiction over the CFEPA claim

brought against it because Plaintiff is unable to produce the requisite release of jurisdiction from the

---

[11]Rule 12(b), entitled "How to Present Defenses," states in relevant part:

Every defense to a claim for relief in any pleading must be asserted in the responsive
pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;
. . .
(6) failure to state a claim upon which relief can be granted . . . .

Fed. R. Civ. P. 12(b) (1), (6).

CHRO to authorize suit.   *See* Conn. Gen. Stat. § 46a-101.[12]   Derby asserts that, on that basis, Plaintiff's alleged CFEPA claim should be dismissed pursuant to Rule 12(b)(1).


## II.   STANDARD OF REVIEW

### A.   Rule  12(b)(6) -  Failure to State A Claim

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted only if  "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *accord Yale Auto Parts, Inc. v. Johnson*, 758 F.2d 54, 58 (2d Cir. 1985).  Such a motion "tests, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits."[13] *Global Network Communications, Inc. v. City of New York,* 458 F.3d 150, 155 (2d Cir. 2006).   It "assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it." *Id.,* 458 F.3d at 155*; accord AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003)*.   See also Festa v. Local 3 Int'l Brotherhood*

---

[12]Section 46a-101, captioned in part, "Release of pending complaint alleging discriminatory practice," provides:

> (a) No action may be brought in accordance with section 46a-100 **unless the complainant has received a release** from the commission in accordance with the provisions of this section.

Conn. Gen. Stat. § 46a-101 (emphasis added).

[13]Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

*of Elec. Workers,* 905 F.2d 35, 37 (2d Cir. 1990) ( the "court's function on a Rule 12(b)(6)

motion is not to weigh the evidence that might be presented at trial but merely to determine

whether the complaint itself is legally sufficient'').

In deciding a Rule 12 (b)(6) motion, "a district court must limit itself to facts stated in the

complaint or in documents attached to the complaint as exhibits or incorporated in the complaint

by reference." *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d

Cir. 1996).   The court may also consider "matters of which judicial notice may be taken" and

documents of which plaintiff "had knowledge and relied on in bringing suit."  *Brass v. American*

*Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

The court then accepts "the allegations contained in the complaint as true"  and draws

"all reasonable inferences in favor of the nonmoving party, *Burnette v. Carothers*, 192 F.3d 52,

56 (2d Cir. 1999), unless the allegations are 'supported by mere conclusory statements,' *Ashcroft*

*v. Iqbal*, — U.S. —, —, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009)."  *Hayden v. Paterson*,

594 F.3d 150, 157 n. 4 (2d Cir. 2010).  *See also Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir.1996)

("[w]hile the pleading standard is a liberal one, bald assertions and conclusions of  law will not

suffice").

 In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct.

at 1949 (quoting  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Moreover, "[a]

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.

Ct. at 1949 (citing *Twombly,* 550 U.S. at 556).

### B.     Rule 12(b)(1) - Lack of Subject Matter Jurisdiction

Under Fed. R. Civ. P. 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it."  *Marakova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  It is generally the plaintiff's burden to prove by a preponderance of the evidence that such jurisdiction exists.  *Id.*   When subject matter jurisdiction is challenged under Rule 12(b)(1), both "the movant and the pleader may use affidavits and other pleading materials to support and oppose such motions," without converting the motion to one for summary judgment.  *Golnik  v. Amato*, 299 F. Supp. 2d 8, 13 (D. Conn. 2003) (internal citations omitted).  A Rule 12(b)(1) motion for lack of subject matter jurisdiction is often appropriate when the plaintiff has failed to exhaust administrative remedies prior to filing his claim in court.[14]  *Ziemba v. Slater,* 36 F. Supp. 2d 81, 83 (D. Conn. 1999) ("Generally, a plaintiff's failure to exhaust administrative  remedies will deprive a federal court of subject matter jurisdiction.") (citing *Brown v. General Services Administration*, 425 U.S. 820, 832 (1976)).

---

[14]As set forth in Part III.B.1., *infra*, however, a Rule 12(b)(1) motion is not proper to challenge a plaintiff's failure to follow the EEOC filing requirement in a federal employment discrimination case (*e.g.*, Title VII).  In that context, the Second Circuit has ruled that a plaintiff's timely filing of an EEOC charge is not a jurisdictional prerequisite but rather a condition precedent to bringing the discrimination action in district court.  *See, e.g., Holowecki v. Federal Exp. Corp.*, 440 F.3d 558, 565 (2d Cir. 2006); *Dillman v. Combustion Engineering, Inc.*, 784 F.2d 57, 59 (2d Cir. 1986).  *See also  Ziemba v. Slater,* 36 F. Supp. 2d 81, 83 (D. Conn. 1999) (citing *Briones v. Runyon*, 101 F.3d 287, 290 (2d Cir.1996)).

III.   **DISCUSSION**

    A.   **No Individual Liability under Either the ADEA or CFEPA[15]**

        1.   **ADEA - 29 U.S.C. § 623(a)(1)**

Count One of Plaintiff's Complaint seeks recovery from Defendants for unlawful age discrimination under section 623(a)(1) of the ADEA.[16]   Doc. #1, pp. 6-9 (Complaint, Count One, ¶¶ 1-24).   In the present motion, individual defendant Tony Staffieri, Mayor of the City of Derby, argues that this count fails to state an adequate claim against him pursuant to Rule 12(b)(6) because there is no individual liability under the ADEA.   The Court agrees.

The Second Circuit has declared that the ADEA  precludes holding individuals liable. *Martin v. Chemical Bank*, Nos. 95-9015, 96-9365, 129 F.3d 114, 1997 WL 701359 (Table), at * 3, 1997 U.S. App. LEXIS 32022, at *8-9 (2d Cir. Nov. 10, 1997) (because "the statutory definition of 'employer' in the ADEA mirrors the definition in Title VII . . . our analysis of claims raised under one of these statutes has generally been informed by the other;" therefore,

---

    [15]The Court notes at the outset that in his Opposition Memorandum, Plaintiff makes no objection to, and is in fact silent on,  Staffieri's motion to dismiss with respect to Counts One and Two of  Plaintiff's Complaint.   Despite this silence, the Court now analyzes the validity of Staffieri's motion to dismiss, as set forth herein at Part III.A.1.- 2.

    [16]The relevant provision of the ADEA is set forth at 29 U.S.C. § 623(a)(1) and provides:

§ 623. Prohibition of age discrimination

(a) Employer practices

It shall be unlawful for an employer--

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . .

"individual supervisors may not be held personally liable under the ADEA").  *See also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313-14 (2d Cir.1995).[17]

Accordingly, this District has consistently held that there is no individual liability under the ADEA.  *See, e.g., Gibbs v. City of New Haven*, 544 F. Supp. 2d 119, 125 (D. Conn. 2008);[18] *Greenberg v. City of New Haven*, No. 3:07cv1198 (PCD),  2007 U.S. Dist. LEXIS 84446, at *1 (D. Conn. November 15, 2007) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313-14 (2d Cir. 1995),  to dismiss  plaintiff's ADEA claim where there is "no individual liability" under that statute);  *Javier v.  Beiersdorf, Inc.*, No. 3:01cv458 (AVC), 2002 U.S. Dist. LEXIS 8731, at *14-15 (D. Conn. April 11, 2002) (dismissing ADEA action against employer's agents because individual supervisors cannot be held personally liable under that statute);  *McKeever v. New York Med. College*,  No. 96 CIV. 7066 (BSJ), 1999 WL 179376, at *8-9 (S.D.N.Y. Mar. 31, 1999) (granting summary judgment to defendant supervisor who allegedly made age-related

---

[17]In *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313-14 (2d Cir.1995), the Second Circuit ruled  that an employer's agent may not be held individually liable under Title VII, including individual defendants with supervisory control over a plaintiff.  "As statutory analyses under Title VII or the ADEA are generally interchangeable," this District has likewise extended the *Tomka* holding to claims filed under the ADEA.  *See, e.g., Lee v. City of Hartford/Hartford Public Schools*, 289 F. Supp. 2d 25, 28 (D. Conn. 2003) (ADEA does not provide for individual supervisor liability because *"Tomka* is dispositive of the question of individual liability").

[18]In *Gibbs*, a former city employee brought an action against the city and her supervisor, alleging violations of the ADEA, Title VII, and the CFEPA, in that her employment conditions had been unlawfully, materially altered on the basis of her age and a perceived mental disability. Specifically, plaintiff alleged that her supervisor had delegated her former administrative duties to a younger employee; assigned plaintiff additional, more substantive and difficult tasks to perform; and removed plaintiff from her office in order to give it to another employee.  Focusing on the ADEA claim against  plaintiff's supervisor, the court granted summary judgment because "[t]he ADEA precludes holding individuals liable even where they create the alleged discrimination."  544 F. Supp. 2d at 125.

comments).[19]

Count One of Plaintiff's Complaint, alleging unlawful age discrimination under the

ADEA, must be dismissed as to individual Defendant Staffieri.

### 2.     CFEPA - Conn. Gen. Stat. § 46a-60(a)(1)

Similarly, Defendant Staffieri moves this Court to dismiss Plaintiff's second claim for

unlawful age discrimination under section 46a-60(a)(1) of the CFEPA[20] on the grounds that

---

[19]The *McKeever* court also pointed to the Second Circuit's ruling in *Tomka* to justify its holding:

> The Second Circuit ruled in *Tomka* . . . that an employer's agent may not be held individually liable under Title VII. Because the statutory definition of "employer" in the ADEA mirrors the definition in Title VII, the analysis of claims raised under each one of these statutes has generally followed cases brought under the other. *See, e.g., Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 465 (2d Cir.1997) (holding that retaliation claims brought under ADEA approached in the same way as claims under Title VII). Accordingly, the individual defendants named in this case . . . are not personally liable under the ADEA, and their motion for summary judgment is granted as to plaintiff's ADEA claim."

1999 WL 179376 at *8.

[20]Section 46a-60(a) (1) of the Connecticut Fair Employment Practices Act ("CFEPA") states:

> "§ 46a-60. Discriminatory employment practices prohibited
>
> (a) **It shall be a discriminatory practice in violation of this section**:
>
> (1) **For an employer**, by the employer or the employer's agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or **to discharge from employment any individual** or to discriminate against such individual in compensation or in terms, conditions or privileges of employment **because of the individual's** race, color, religious creed, **age**, sex, marital status, national origin, ancestry, present or past history of mental disability, mental retardation, learning disability or physical disability, including, but not limited to, blindness . . . ."

Conn. Gen. Stat. § 46a-60(a)(1) (emphasis added).

"CFEPA does not allow individual liability for age discrimination."  Doc. #15-1, p. 4, para. 1.

This Court agrees, but only with respect to the particular section of CFEPA that is applicable in

the present action, namely § 46a-60(a)(1).[21]

This District recognizes and defers to the Connecticut Supreme Court's holding in

*Perodeau v. City of Hartford*, 259 Conn. 729, 743-44 (2002), that there is no individual liability

under CFEPA § 46a-60(a)(1) .   As Judge Eginton explained in *Mercer v. Brunt*, 272 F. Supp. 2d

181, 188 (D. Conn. 2002):

> Connecticut courts have been split over individual liability under CFEPA § 46a-60(a) for
> many years but the issue has finally been resolved in the State of Connecticut. This
> question of law was certified by Judge Nevas to the Connecticut Supreme Court in
> *Perodeau v. City of Hartford*, 3:99cv00807(AHN), and accepted by that court on January
> 25, 2001. On March 26, 2002, the Connecticut Supreme Court ruled that § 46a-60[(a)(1)]
> does not impose liability on individual employees*.   Perodeau v. City of Hartford*, 259
> Conn. 729, 743[-44], 792 A.2d 752, 761 (2002).

*Accord Alungbe v. Board of Trustees of Connecticut State University (CSU) System*, 283 F. Supp.

2d 674, 686-87 (D. Conn. 2003) (citing *Perodeau* to dismiss plaintiff's claim that individual

defendants violated § 46a-60(a)(1) because "individuals who are not employers may not be held

liable under § 46a-60(a)(1)"); *Cooke v. Prototype &  Plastic Mold Co., Inc.*, 220 F. Supp.2d 104,

111 (D. Conn. 2002)  (citing *Perodeau* to grant defendants' motion for summary judgment on

plaintiff's claim against individual defendant under Conn.Gen.Stat. § 46a-60(a)(1)).

In accordance with the Connecticut Supreme Court's holding in *Perodeau* and this

_____

[21]Statements by Staffieri's counsel that "[t]here is no individual liability under the . . .
CFEPA" (Doc. #15, p. 1, para. (a)) and "CFEPA does not allow for individual liability for age
discrimination" (Doc. #15-1, p. 4, para. 1) are overly broad and thus technically incorrect.
CFEPA does not ban liability with respect to individuals who engage in discrimination under
Conn. Gen. Stat. §§ 46a-60(a)(4), (5) and (6) .  For further discussion regarding the distinction
between § 46a-60(a)(1) and these other subsections of the CFEPA, *see* footnote 22,  *infra*.

District's adoption thereof,  Plaintiff's CFEPA claim for violation of Conn. Gen. Stat. § 46a-60(a)(1), as set forth in Count Two of the Complaint, is dismissed as to individual defendant Staffieri.[22]

### 3.    Individual Defendant Robinson - Order to Show Cause

The Court notes that the named Defendants in this action include another individual, Janet Robinson, the Superintendent of Schools for the City of Derby.  Robinson, however, is not a party to the present motion.  In light of the Court's ruling herein, Plaintiff is hereby ordered to show cause, within fourteen (14) days following this ruling, why the ADEA and CFEPA (§ 46a-60(a)(1)) claims in Counts One and Two should not also be dismissed against defendant Robinson on the ground that she is an individual and therefore cannot be subject to liability under

---

[22]For purposes of clarity, the Court notes that Plaintiff's CFEPA claim is based solely on § 46a-60(a)(1) and is thus precluded against individual defendants.  The *Perodeau* court, however, distinguished a claim based on § 46a-60(a)(1) from those against individuals based on §§ 46a-60(a)(4), (5), and (6), which refer specifically "to persons as well as to employees."  259 Conn. at 737-38.  Thus, in  *Schaefer v. General Electric Co.,* No. 3:07-CV-858 (PCD), 2008 WL 2001244, at *3 (D. Conn. May 08, 2008), Judge Dorsey of this District denied individual defendants' motion to dismiss a § 46a-60(a)(5) claim for aiding and abetting discrimination where plaintiff alleged these thirteen defendants "engineered, approved, ratified, and/or assisted in the wrongful acts alleged, including the discriminary treatment."  *See also* text of  § 46a-60(a)(5) ("It shall be a discriminatory practice in violation of this section: . . . (5) For **any person**, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any act declared to be a discriminatory employment practice or to attempt to do so") (emphasis added).  In that provision, "the Connecticut Legislature specifically referred to 'persons' in addition to 'employers' . . . showing that it intended the provision to apply to individuals other than employers."  *Schaefe*r, 2008  WL 2001244, at *3.  *Accord Spiotti v. Town of Wolcott*, No. 3:04-CV-01442 (CFD), 2008 WL 596175, at *1 n. 1 (D. Conn. Feb. 20, 2008) ("Individual liability remains possible under Conn. Gen.Stat. § 46a-60(a)(5) (aiding and abetting)"); *Edwards v. New Opportunities Inc.*, No. 3:05-CV-1238 (JCH), 2006 WL 1668020, at *3 (D. Conn. June 16, 2006) (granting individual defendant's motion to dismiss § 46a-60(a)(1) claim, but denying motion to dismiss claim that individuals aided and abetted discriminatory practices in violation of § 46a-60(a)(5)).

these claims.[23]

**B.**     **Failure to Exhaust Administrative Remedies with Respect to Derby**

Defendant Derby contends that the first two counts of Plaintiff's Complaint, brought

under the ADEA and CFEPA, should be dismissed with respect to Derby because Plaintiff has

failed to exhaust his administrative remedies.    Derby maintains that because "Plaintiff never

filed a[n age discrimination] claim with the CHRO or EEOC against the City, " the Court lacks

subject matter jurisdiction over the claims pursuant to Rule 12(b)(1).[24]   Doc. #15-1, p. 6, para. 1.

*See also* Doc. #15, p. 1, para. (b) ("Derby was never named as a Respondent in Plaintiff's CHRO

claim").

**1.**     **ADEA**

Defendant Derby moves this Court to dismiss Plaintiff's first count for violation of the

ADEA on the ground that the Court lacks jurisdiction over the claim.  Derby is correct that "[n]o

---

[23]The Court refrains from dismissing the two counts *sua sponte* at this time in order to give Plaintiff an opportunity to be heard.  It is "fundamental to our system of judicial administration . . . that a person is entitled to notice before adverse judicial action is taken against him."  *Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994) (per curiam).  *See also Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir.1988) (although *sua sponte* dismissals may be appropriate in some circumstances, "the general rule is that a 'district court has no authority to dismiss a complaint for failure to state a claim upon which relief can be granted without giving the plaintiff an opportunity to be heard'") (quoting *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.*, 760 F.2d 1347, 1365 (2d Cir.1985)); 5B Charles Alan Wright & Arthur R. Miller, Federal  Practice & Procedure § 1357 (3d ed. West 2010) ("the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties").

[24]Plaintiff also did not include Staffieri as a respondent in his CHRO Complaint.  Because, however, Counts One and Two for age discrimination will be dismissed with respect to Staffieri on other grounds (*i.e.*, there is no individual liability under the ADEA and the relevant provision of the CFEPA), as stated *supra*, the Court need not address the issue of exhaustion of administrative remedies with regard to Staffieri.

action based on a claim of age discrimination may be brought in federal court unless the claim was first raised with the EEOC." *Reilly v. N.Y. City Transit Authority*, No. 84 CIV 1656 (LBS), 1985 WL 3954, at *2 (S.D.N.Y. Nov. 26, 1985) (citing *Reich v. Dow Badische Co.*, 575 F.2d 363, 367-68 (2d Cir. 1978), *cert denied*, 439 U.S. 1006 (1978)).  Under the ADEA, a claimant may bring suit in federal court only if he has filed a timely complaint with the EEOC and obtained a right-to-sue letter.  *See* 42 U.S.C. § 2000e-5(e) and (f); 29 U.S.C. § 626(d); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,* 274 F.3d 683, 686 (2d Cir. 2001)*.  See also Shah v. N.Y. State Dep't of Civil Service*, 168 F.3d 610, 613-14 (2d Cir. 1999); *Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1208 (2d Cir. 1993).

In a state which has its own state agency to protect employees from age discrimination, the employee must file a discrimination charge within 300 days of the alleged unlawful employment practice.  29 U.S.C. §§ 626(d)(1)(B), 633(b).  That charge must be filed with the EEOC as well as the state agency authorized to investigate such discrimination.  In Connecticut, pursuant to the CFEPA, such an age discrimination charge must be filed with the CHRO within 180 days of the alleged act of discrimination.

The EEOC filing requirements in the ADEA are intended to provide the EEOC with an opportunity to effect conciliation; thus "failure to properly  file circumvents this scheme." *Comfort v. Rensselaer Polytechnic Institute*, 575 F. Supp. 258, 260 (N.D..N.Y. 1983)  (citing *Bihler v. Singer Co.*, 710 F.2d 96 (3d Cir. 1983)); accord *Wrenn v. Secretary, Dept. of Veterans Affairs*, 918 F.2d 1073, 1078 (2d Cir. 1990) ("purpose of these statutory prerequisites to bringing a[n ADEA] civil action – and the well-established policy of the employment discrimination laws – is to provide an opportunity for the resolution of discrimination complaints by means of

'conciliation, conference, and persuasion'") (citing 29 U.S.C. § 626(d)).   "Exhaustion of

administrative remedies through the EEOC is 'an essential element' of the Title VII and ADEA

statutory schemes and, as such, a precondition to bringing such claims in federal court."

*Legnani*, 724 F.3d at 686.[25]

    The Second Circuit has declared that the timely filing of an EEOC charge prior to

bringing an ADEA action is not jurisdictional in nature.   *Holowecki v. Federal Exp. Corp*., 440

F.3d 558, 565 (2d Cir. 2006) ("ADEA's time limits, which are subject to equitable modification,

are not jurisdictional in nature"); *Dillman v. Combustion Engineering, Inc.*, 784 F.2d 57, 59 (2d

Cir. 1986) ("No civil action based on a claim of age discrimination may be brought in a federal

court unless the plaintiff has timely filed his claim with the EEOC.   Congress, however, intended

that timely EEOC filing serve more as a statute of limitations than as a jurisdictional

prerequisite.");   *accord  Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) (failure to

exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court

rather than a jurisdictional requirement).

     Therefore, when reviewing whether a district court has correctly dismissed an ADEA

action  for failure to comply with the EEOC filing requirement, the Second Circuit has

---

[25]*Accord Wrenn v. Secretary, Dept. of Veterans Affairs,* 918 F.2d 1073, 1078 (2d Cir.
1990) ("the law of this circuit holds that, under the ADEA, a litigant is obliged to exhaust all
administrative proceedings before filing a civil action in federal court.")*; Owens v. Elmhurst
Hospital Center,* 24 Fed. Appx. 82, 83 (2d Cir. 2001) ("No action based on a claim of age
discrimination may be brought in federal court unless the claim was properly raised with the
EEOC....") (quoting *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 23 (2d Cir.1985)); *Daigneault
v. Eaton Corp.,*  No. 3-06-CV-1690 (JCH), 2008 WL 410594, at * 5 (D. Conn. Feb. 12, 2008)
(before filing a federal ADEA claim, an individual must file a timely charge of discrimination
with the EEOC) (citing 29 U.S.C. § 626(d));  *Comfort v. Rensselaer Polytechnic Institute*, 575 F.
Supp. 258, 260 (N.D.N.Y. 1983) (ADEA "provides that no civil action may be instituted before
the aggrieved employee first exhausts certain administrative avenues of relief).

"construe[d] the district court's ruling as a dismissal for failure to state a claim under Federal

Rule of Civil Procedure 12(b)(6) rather than a dismissal for lack of jurisdiction under Federal

Rule of Civil Procedure 12(b)(1)." *Holowecki*,  440 F.3d at 56.  *Accord  Ziemba v. Slater*, 36 F.

Supp. 2d 81, 83 (D. Conn. 1999); [26] *Angotti v. Kenyon & Kenyon*, 929 F. Supp. 651, 653

(S.D.N.Y. 1996).

 This Court will therefore construe Derby's Rule 12(b)(1) motion for lack of subject

matter jurisdiction as a Rule 12(b)(6) motion to dismiss for failure to state a claim.[27]

Specifically, the Court will consider whether Plaintiff has stated a valid claim by pleading all

---

[26]The court in *Ziemba* clarified that the "Second Circuit . . .  has held that a plaintiff's timely filing of an EEO charge is not a jurisdictional prerequisite to suit in federal court, because the filing requirement functions as a statute of limitations, and is therefore subject to waiver, estoppel, and equitable tolling."  36 F. Supp. at 83.  In those circumstances, "defendant's motion is properly considered a motion to dismiss for failure to state a claim under Rule 12(b)(6)."  *Id.* (citing *Briones v. Runyon*, 101 F.3d 287, 290 (2d Cir.1996)).

[27]In the present case, there is no issue as to timeliness of an EEOC filing because Plaintiff filed no claim against Derby with the EEOC during the requisite time frame.  Under those circumstances, a few courts within this Circuit have continued to treat the EEOC filing requirement as a jurisdictional matter.  *See e.g.*, *Golnik v. Amato*, 299 F. Supp. 2d 8, 14 (D. Conn. 2003) (holding that, where plaintiff neither referred to nor named defendants in the CHRO/EEOC Complaint, this Court lacks subject matter jurisdiction over discrimination claims including one brought under the ADEA);  *Comfort v. Rensselaer Polytechnic Institute*, 575 F. Supp. 258, 260 (N.D.N.Y. 1983) (treating EEOC filing requirement as jurisdictional "where the court does not have before it a situation where a plaintiff filed late.  Instead, the plaintiff in the instant case did not file at all.");  *Knauth v. North Country Legal Services*, 575 F. Supp. 897, 900 and n.2 (N.D.N.Y. 1983) (finding age discrimination claim "so implausible, foreclosed and devoid of merit as to fall outside the ambit of federal court jurisdiction" where claim was not first filed with the EEOC as required by statute).

 Following this alternative approach and treating Derby's motion as a 12(b)(1) motion for lack of subject matter jurisdiction, the Court's ruling in the case at bar remains the same.  Where Plaintiff has failed to make the requisite filing with the EEOC, the motion must, under either analysis, be granted and the ADEA claim against Derby dismissed.

conditions precedent to bring an action under the ADEA.  *See* Fed. R. Civ. P. 9(c).[28]

As described *supra* in  Part II.A., on a 12(b)(6) motion, the facts alleged in the complaint are presumed to be true and all reasonable inferences are drawn in plaintiff's favor.   The Court may also consider documents attached to the complaint as exhibits or incorporated by reference, or matters of which the court may take judicial notice.  The motion will be granted if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

Here the facts regarding the CHRO Complaint are not in dispute.  Plaintiff included no age discrimination charge against the City of Derby in his CHRO Complaint filed with the EEOC on December 13, 2007.  That administrative complaint is incorporated by reference into Plaintiff's Complaint (Doc. #1, p. 8 (¶ 22a.)), and has been presented to the Court as an attachment to Derby's Memorandum in support of its motion to dismiss (Doc. #15-2).   The Court takes judicial notice of its contents and notes that it does not include Derby as a respondent or reference Derby in any way.  Therefore, although Plaintiff broadly pleads that "[a]ll conditions precedent to jurisdiction under Title 29 U.S.C. § 626, have occurred or been complied with," his CHRO Complaint, which he incorporates by reference, clearly shows that he has not met those conditions.  Doc. #1, p. 8 (¶ 22).   Put simply, he has not and cannot attest to filing a timely charge against Derby with the EEOC.

_____

[28]Rule 9, entitled, "Pleading Special Matters," states in relevant part:

(c) Conditions Precedent. In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.

Fed. R. Civ. P. 9(c).

Furthermore, at this time, were Plaintiff given leave to do so, he could not correct his failure to file a timely EEOC complaint against Derby. Almost three years have elapsed since his allegedly unlawful discharge on June 19, 2007 so any attempted filing at this point would be untimely.[29] As a matter of law and in the absence of a proven exception or grounds for waiver, a plaintiff who fails to file a timely charge with the EEOC is barred from asserting that discrimination claim in federal court.[30] Because Plaintiff indisputably failed to exhaust his administrative remedies through the EEOC with respect to defendant Derby, his ADEA claim against Derby must be dismissed.

### 2.    CFEPA

Derby next contends that because Plaintiff did not name Derby as a respondent in its CHRO complaint (filed in December of 2007), he may not now name the city as a defendant in a civil action alleging violation of the CFEPA.[31] Doc. #15, p. 1, para. (b); *see also* Doc. #15-2

---

[29]For statutory text of filing deadlines under the ADEA, *see* footnote 2, *supra*.

[30]Grounds for allowing a plaintiff to proceed with an ADEA claim in federal court following an untimely filing with the EEOC include, for example, equitable tolling (when a plaintiff is unaware of his claim due to defendant's fraudulent concealment), equitable estoppel (when a plaintiff knew of the existence of his cause of action but the defendant's conduct caused him to delay bringing his lawsuit"), or where the claim is "reasonably related" to an EEOC charge that was filed. *See, e.g.*, *Dillman v. v. Combustion Engineering, Inc.*, 784 F.2d 57, 59-61 (2d Cir. 1986). *See also Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,* 274 F.3d 683, 686 (2d Cir. 2001); *Butts v. City of New York Dep't of Housing Preservation and Dev.*, 990 F.2d 1397, 1402 (2d Cir.1993). None of those grounds applies in the case at bar.

[31]Derby also makes a separate argument that Plaintiff may not proceed with his CFEPA claim in court because he did not "obtain a release from the CHRO to bring an original action for discrimination in a judicial forum." (Doc. #15-1, p. 7-8 (quoting *Catalano v. Bedford Associates, Inc.*, 9 F. Supp. 2d 133, 135 (D. Conn. 1998))). *See* Conn. Gen. Stat. § 46a-101 (which provides that "[n]o action may be brought in accordance with section 46a-100 unless the complainant has received a release from the commission in accordance with the provisions of this section").

(CHRO Complaint).  As one court in this District noted, "[i]t is axiomatic that a plaintiff who fails to follow the administrative route that the legislature has prescribed for her [CFEPA] claim of discrimination **lacks the statutory authority to pursue that claim in court."** *Carter v. City of Hartford*, No.. 397-CV-832 (AWT), 1998 WL 823044, at \*9 (D. Conn. Sept. 30, 1998) (emphasis added and footnote omitted) (citing *Sullivan v. Board of Police Comm'rs*, 196 Conn. 208, 216, 491 A.2d 1096 (1985)**).**

The CFEPA  provides that any person who claims to be "aggrieved by an alleged discriminatory practice" may file a complaint with the CHRO.  Conn. Gen. Stat. § 46a-82(a). Once the CHRO issues a final order or dismisses the complaint, the complainant may then appeal to the Connecticut Superior Court.  *Id.* §§ 46a -94(a), 4-183(a).

The complainant may also file an original action with the Superior Court after obtaining a release from the CHRO in accordance with Conn. Gen. Stat. § 46a-83a or § 46a-101.   The CFEPA thus specifies that an individual who has "timely filed a complaint with the Commission on Human Rights and Opportunities" regarding an alleged discriminatory practice "and who has obtained a release from the commission . . . may also bring an action in the superior court for the judicial district in which the discriminatory practice is alleged to have occurred."  Conn. Gen. Stat. § 46a-100.   No action may be brought in accordance with the statute "unless the complainant has received a release from the commission."  Conn. Gen. Stat. § 46a-101(a).

---

Obtaining a release from the CHRO is the second of the two prongs required to bring a CFEPA claim in court:  namely the plaintiff must (1) file a timely discrimination complaint with the CHRO and (2) obtain a release from the commission to file the suit.  *See, Catalano*, 9 F. Supp. 2d at 135.  It naturally follows that Plaintiff cannot procure a release from the CHRO where he has not filed a CHRO claim against Derby.   To avoid redundancy, the Court addresses both arguments together in Part III.B.2. herein.

The courts of this District have consistently applied the exhaustion provisions of the CFEPA to dismiss discrimination claims, finding a lack of subject matter jurisdiction where the plaintiff failed to obtain the requisite release prior to pursuing a private cause of action in court.[32] *See*, *e.g.*, *Pleau v. Centrix, Inc*., 501 F. Supp. 2d 321, 328 (D. Conn. 2007) (because plaintiff "did not receive a 'Release of Jurisdiction,' as required by Conn. Gen. Stat. §§ 46a-100 and 46a-101, the court lacks subject matter jurisdiction over his CFEPA gender discrimination [claim]"); *Desardouin v. United Parcel Service, Inc.,* 285 F. Supp. 2d 153, 159 n. 7 (D. Conn. 2003) ("'failure to file a timely complaint with the CHRO and to obtain a release from the CHRO deprives the court of subject matter jurisdiction' over the count with respect to which the plaintiff has failed to exhaust") (quoting *Okun v. Misiewicz*, No. CV9867084S, 2001 WL 985060, *5, (Conn. Super. Ct. July 31, 2001)); *White v. Martin,* 23 F. Supp. 2d 203, 206 (D. Conn. 1998) ("this Court lacks subject matter jurisdiction over plaintiff's CFEPA discrimination claims due to the plaintiff's failure to obtain a release in accordance with the clear language of C.G.S.A. § 46a-101"); *Catalano v. Bedford Associates, Inc*., 9 F. Supp. 2d 133, 136 (D. Conn.1998) ("Subject matter jurisdiction does not exist where a plaintiff has not obtained a release from the CHRO, and has therefore failed to comply with the clear and unambiguous statutory prerequisite embodied in General Statutes § 46a-101  . . . ;" and thus, "this court lacks subject matter jurisdiction over plaintiff's CFEPA discrimination claim for his failure to procure a release from

---

[32]Although I  recognize the incongruity of taking a non-jurisdictional approach to the failure to exhaust administrative remedies under the ADEA, I  follow the current precedent of this District in ruling on the motion regarding CFEPA as a 12(b)(1) motion for lack of subject matter jurisdiction.  *See, e.g.*, *Pleau v. Centrix, Inc*., 501 F. Supp. 2d 321 (D. Conn. 2007) (treating failure to exhaust EEOC remedies under Title VII as non-jurisdictional precondition to bringing action, but holding that failure to exhaust CHRO remedies results in lack of subject matter jurisdiction).  501 F. Supp. 2d at 325, 328.

the CHRO.") (citation and internal quotations omitted).  *Accord  Brightly v. Abbott Terrance Health Ctr., Inc.*, No. CV980148584S, 2001 WL 256228, at * 3 (Conn. Super. Ct.  Feb.27, 2001) ("the court finds that §§ 46a-100 and 46a-101(a) are mandatory and require the plaintiff to obtain a release from the CHRO prior to initiating a private cause of action under the CFEPA").  *See also Tyszka v. Edward McMahon Agency,* 188 F. Supp.2d 186, 195 (D. Conn. 2001) (CFEPA requires exhaustion of administrative remedies against the parties named in the [district court] complaint, and failure to do so is fatal under the statute).

In the present case, Plaintiff's complaint with the CHRO clearly states that the only named respondents are "[t]he Board of Education of the City of Derby, and its agent Janet Robinson, Superintendent of Derby Public Schools."[33]  Doc. #15-2 (CHRO Complaint), p. 3, ¶ 2. Defendant Derby was not mentioned in the administrative action.  When the CHRO released its jurisdiction over Plaintiff's claim on or about May 21, 2008, that release did not pertain to any claim against Derby.

Where a plaintiff has obtained a release for his or her discrimination claims from the CHRO but failed to include a particular defendant in the CHRO complaint, courts of this District have consistently found a lack of  subject matter jurisdiction over the claims as to the unnamed defendant.  *See, e.g.*, *Jamilik v. Yale University*, No. 3:06-CV-0566(PCD), 2007 WL 214607, at * 5 (D. Conn. Jan. 25, 2007); *Tyszka v. Edward McMahon Agency,* 188 F. Supp.2d 186, 195 (D. Conn. 2001); *Carter v. City of Hartford*, No. 397CV832 (AWT), 1998 WL 823044, at *9-10 (D.

---

[33]In considering whether Plaintiff has exhausted his administrative remedies, the Court takes judicial notice of the complaint Plaintiff filed with the CHRO and EEOC ("CHRO Complaint" dated 12/13/07), a copy of which is attached to Defendants' Motion to Dismiss and supporting Memorandum as Exhibit A.   Doc. # 15-2.

Conn. Sept. 30, 1998).   Accordingly, unless a legal exception applies, this Court lacks subject

matter jurisdiction over Plaintiff's CFEPA claim with respect to Defendant Derby.

**3.**   **"Identity of Interest" Exception to Exhaustion of Administrative Remedies**

Plaintiff contends that, even if he failed to name Derby as a respondent in his CHRO

Complaint, there is an exception to the exhaustion of administrative remedies requirement in

employment discrimination cases where the named respondent and the unnamed party have an

"identity of interest."  Doc. #17, p. 2 (Argument, Part B.).  In support of that argument, he cites

*Maturo v. National Graphics, Inc.,* 722 F. Supp. 916, 924-25 (D. Conn. 1989), for the

proposition that an "exception to the exhaustion requirement permits an action against a party not

named as a respondent in the EEOC complaint if the underlying dual  purposes of the exhaustion

requirement [– providing notice to all parties and encouraging conciliation – ] are otherwise

satisfied."  Doc. #17, p. 3, para. 1.  As set forth below, Plaintiff completely overlooks the

threshold issue in determining whether such an exception applies:   *i.e.,* whether the plaintiff was

represented by counsel at the time plaintiff filed his complaint with the relevant administrative

agency, in this case the CHRO and EEOC.

In *Maturo*, the plaintiff alleged that she was constructively discharged as the result of her

manager's failure to respond effectively to her repeated complaints regarding sexual harassment

by her supervisor.   After being subjected to both verbal and physical sexual harassment, forcing

her to ultimately leave her position, plaintiff filed  a charge with the CHRO and EEOC for sexual

discrimination ("hostile work environment") under Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e *et seq.*[34]  In her administrative complaint, she named her corporate employer and

its president as respondents but failed to list her supervisor as a respondent.   Subsequently

plaintiff received a right to sue letter and brought an action in district court.

In discussing whether plaintiff had sufficiently exhausted her administrative remedies

with respect to the unnamed parties in her EEOC complaint, the district court in *Maturo* listed

four factors to apply the "identity of interest"  exception.[35]   Those factors included:

> 1) whether the role of the unnamed party could through reasonable effort by the
> complainant be ascertained at the time of the filing of the EEOC complaint;
> 2) whether, under the circumstances, the interests of a named party are so similar
> as the unnamed party's that for the purpose of obtaining voluntary conciliation and
> compliance it would be unnecessary to include the unnamed party in the EEOC
> proceedings; 3) whether its absence from the EEOC proceedings resulted in actual
> prejudice to the interests of the unnamed party; [and] 4) whether the unnamed
> party has in some way represented to the complainant that its relationship with the
> complainant is to be through the named party.

722 F. Supp at 925  (citation omitted).

The *Maturo* court analyzed these factors to find an identity of interest among the

defendants, and then enunciated an additional, key factor that the *plaintiff had not been*

*represented by counsel* at the time she filed the administrative complaints and, instead, had relied

---

[34]Such sexual harassment included a series of vulgar, aggressive comments and escalated
to physical advances, one of which the plaintiff finally reported to local police, resulting in her
supervisor's arrest for sexual assault.  After two years of undergoing such harassment with no
assistance from her manager, plaintiff left work one day and and did not return.

[35]*See also Malasky v. Metal Products Corp.*, 689 A.2d 1145, 1149 (Conn. App. 1997)
(applying *Maturo* factors in EEOC case to CHRO proceeding because "the same rationale
applies to the requirements of the CHRO").

on the assistance of CHRO personnel to draft her complaint.[36]  *Id.* (emphasis added).

"Courts in this district have consistently held that the 'identity of interests' exception to the requirement that defendants be named in the preceding CHRO complaint only applies when the plaintiff was not represented by counsel before the CHRO."  *Robinson v. City of New Haven*, 578 F. Supp.2d 385, 390 (D. Conn. 2008) (collecting cases and granting motion to dismiss because "[a]s [plaintiff] . . . was represented by counsel before the CHRO, the 'identity of interests' exception cannot apply"); *Golnik v. Amato*, 299 F. Supp. 2d 8, 14  (D. Conn. 2003)  (no "identity of interest" existed where "Plaintiff was represented by counsel when he filed his Complaint with the CHRO and EEOC" because "[t]he 'identity of interests' exception has been held to apply only when plaintiffs were not represented by counsel at the time they filed their administrative discrimination charge");[37]  *Peterson v. City of Hartford*, 80 F. Supp.2d 21, 24 (D. Conn. 1999) (noting that "[t]he 'identity of interests' exception has been held to apply only when

_____

[36](1) All individual defendants in *Maturo* had actual notice of the CHRO complaint; (2) the CHRO complaint identified the supervisor as the one who had allegedly harassed the plaintiff (*i.e.*, the previously-omitted defendant had not suffered any prejudice from the lack of formal notice); (3) for  purposes of voluntary conciliation, the supervisor's interests were substantially identical to those of the company and its president; and (4) the supervisor had represented to the plaintiff that he had the authority to affect her relationship with the company.

[37]In *Golnik*, the Plaintiff was a high school teacher in the Hartford Public School System whose contract was not renewed.  He filed an age discrimination complaint with the CHRO and EEOC, listing as respondents the superintendent of Hartford Public Schools, the Assistant Director of Labor Relations, and the principal of the school where he taught.   Upon obtaining a release of jurisdiction from the CHRO, Plaintiff filed a civil action for employment discrimination in district court, including, *inter alia*, a charge of discrimination under the ADEA and the CFEPA, and listed the respondents in the CHRO Complaint as defendants.  He also included as defendants:  the Hartford Public Schools, the State Board of Trustees for the Hartford Public Schools, and the City of Hartford.   As to these latter defendants, the *Golnik* court granted their Rule 12(b)(1) motion to dismiss all claims against them "for failure to exhaust administrative remedies as to such entities."  299 F. Supp. 2d at 14.

plaintiffs were not represented by counsel at the time they filed their administrative

discrimination charges;" and thus finding existence of exception where "[t]here is nothing in the

charges themselves indicating that plaintiffs had counsel at the time the charges were filed").

Moreover, throughout this Circuit, district courts have held that in analyzing the "identity

of interest" exception, the determination that the plaintiff was not represented by counsel at the

time of the administrative filing is a "threshold matter." *See, e.g., Tarr v. Credit Suisse Asset

Management, Inc.*, 958 F. Supp. 785, 794 (E.D.N.Y. 1997); *Sharkey v. Lasmo (Aul Ltd.)*, 906 F.

Supp. 949, 954 (S.D.N.Y. 1995).   Because the "identity of interest" exception is intended to

protect parties not versed in employment discrimination statutes, such as the ADEA and CFEPA,

the exception only applies to *pro se* filings with the relevant administrative agencies.  *Tarr*, 958

F. Supp. at 794; *see also Harrington v. Hudson Sheraton Corp.*, 2 F. Supp.2d 475, 478 (S.D.N.Y.

1998))('This [identity of interest"] exception, however, applies only where a plaintiff was not

represented by counsel when she filed her EEOC charge."); *Alfano v. Costello*, 940 F. Supp. 459,

465 n.2 (N.D.N.Y. 1996) (identity of interest exception "provides leniency to individuals filing

EEOC complaints *pro se*").[38]

In the case at bar, Plaintiff failed to address the *pro se* element of the 'identity of interest'

exception in his Opposition Memorandum.   Yet, both "identity of interest" cases he cited

included plaintiffs who were *pro se* at the time of the administrative proceedings.  Doc. #17,

---

[38] *See also Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991) (explaining policy behind
the "identity of interest" exception in discrimination cases - "these charges generally are filed by
parties not versed in the vagaries of Title VII and its jurisdictional and pleading requirements").

pp. 2-3 ( Part B.).  *See Maturo*, 722 F. Supp. at 924-25;[39] *Malasky v. Metal Products Corp*.,  44

Conn. App. 446, 454, 689 A.2d 1145, 1150 (Conn. App. 1997) ("as did the *Maturo* court, we

consider the fact that the plaintiff was not represented by counsel at the time she filed the

complaint with the CHRO").

In the present case, it is undisputed that Plaintiff was represented by counsel in his

CHRO/EEOC  proceedings.  Doc. #15-3  (Appearance of Attorney Nathalie Feola-Guerrieri ,

Shepro & Blake, LLC, 2051 Main St., Stratford, CT 06615, dated 12/13/2007).[40]   As the court

stated in *Robinson*, 578 F. Supp.2d at 390, "[i]t is expected that an attorney, unlike a party

proceeding *pro se*, can and will comply with CFEPA's [and in this case, the ADEA's]  procedural

requirements."  Accordingly, the "identity of interest" exception does not apply and Derby's

motion to dismiss Plaintiff's ADEA and CFEPA claims with respect to Derby will be granted.[41]

------------------------------------------

[39]In *Maturo*, not only was plaintiff unrepresented by counsel when she submitted her CHRO complaint, but she also was assisted by CHRO personnel in drafting the complaint.  722 F. Supp at 925.  The error in not including all defendants was thus not all of her own making.  Furthermore, all named parties in the court-filed complaint had actual notice of the CHRO proceeding (one party had in fact been described in the CHRO complaint).  *Id.*  Under these circumstances, the court necessarily found it unfair to penalize the plaintiff for her technical failure to include all parties in the CHRO complaint.

[40]Plaintiff was represented by attorneys from the firm of Shepro & Blake when he filed his Complaint in State Superior Court (Doc. #1, p. 14).  That firm has also appeared on his behalf in the case at bar in district court (Doc. #24).

[41]Even if Plaintiff had met the threshold requirement of *pro se* status at the time of his CHRO & EEOC filings, the facts in the case do not weigh definitively in favor of an "identity of interest" exception.  Plaintiff knew the name of the City of Derby at the time he filed his CHRO Complaint yet he failed to include any allegations of discriminatory acts by Derby.  Moreover, no evidence has been presented that Derby received actual notice of the CHRO proceeding.  Thus, Derby may not have been afforded an opportunity to be heard or to conciliate on its own behalf.  Lastly, Plaintiff presented no evidence that Derby represented to him that his relationship with the BOE and/or Superintendent Robinson had to go through Derby.
    Rather, Plaintiff merely alleges broadly that the BOE has an agency relationship with

IV.   **CONCLUSION**

Counts One and Two of Plaintiff's Complaint are hereby dismissed against individual defendant Staffieri.  Neither the ADEA nor § 46a-60(a)(1) of the CFEPA allows individual liability for age discrimination.   Under Fed. R. Civ. P. 12(b)(6), Plaintiff's first two counts thus fail to state claims upon which relief may be granted against defendant Staffieri.  Furthermore, because Plaintiff has also brought these first two counts against the individual defendant Robinson, the Court orders Plaintiff to show cause within fourteen (14) days as to why these claims should not also be dismissed immediately against Robinson.

The Court dismisses Plaintiff's Count One, alleging unlawful age discrimination under the ADEA, against the City of Derby.  Plaintiff failed to exhaust his administrative remedies in

---

Derby (*e.g.*, members of a board of education are officers of the town; board of education is an agency of the city).   Doc. #17, pp. 3-4.   Derby and the BOE, however,  are clearly separate legal entities.  *See, e.g.*,  *Estrella v. City of Stamford*, No. FSTCV040200832S, 2005 WL 3047356, at *1 (Conn. Super. Oct. 21, 2005) ("The separation and distinction between a town and its Board of Education has been clearly established"); *White Oak Corporation v. Department of Consumer Protection*, 12 Conn. App. 251, 254-55 n. 7, 530 A.2d 641(Conn. App. 1987) ("[t]hat there is indeed a difference between a municipal corporation  and an agency (be it state, federal or municipal) merits but a brief discussion").   *See also*  78 C.J.S. Schools § 16 (West 2010) ("[a]s a general rule, a school district, school board, or other local school organization is a separate legal entity, and is entirely separate and distinct from a city or town").

Moreover, although the members of a board of education are officers of the town, *Keegan v. Thompson*, 103 Conn. 418, 423, 130 A. 707 (1925), a town board of education is also an agent of the state when carrying out the educational interests of the state, *Board of Education v. Board of Finance*, 127 Conn. 345, 349, 16 A.2d 601 (1940) (board of education is "beyond control by the town or any of its officers" in the exercise of the powers granted by state legislature); *Groton & Stonington Traction Co. v. Groton*, 115 Conn. 151, 155, 160 A. 902 (1932) ("in the maintenance and management of public schools the school committee of board of education is the agent, not of the town but of the law").  Thus, "[a] municipal corporation cannot confer and impose upon the local board of education powers and duties that trench upon the system that the legislature has provided for the entire state. . . . [A] board must comply with its own rules."  16B McQuillin Mun. Corp. § 46.07 (3d ed. West 2010).  In sum, a board of education is a separate entity from the city which operates within parameters defined by state law.

that prior to commencing the present action in district court, he failed to bring the age discrimination charge before the EEOC within 300 days of his discharge.   Therefore, Plaintiff has not and cannot plead that he has complied with all conditions precedent to bringing his ADEA claim against Derby in district court.   Furthermore, he presented no grounds to waive his failure to comply.   Under Fed. R. Civ. P.  12(b)(6),  the Court dismisses the ADEA claim with respect to Derby as failing to state a valid claim.

Similarly, the Court dismisses Plaintiff's Count Two for violation of the CFEPA against Derby.  The Court lacks subject matter jurisdiction over this claim under Rule 12(b)(1) because Plaintiff failed to exhaust his state administrative remedies with respect to Derby prior to commencing his civil action.  Specifically, Plaintiff failed to name Derby as a respondent in his CHRO complaint.  Because the CHRO never released jurisdiction over the claim against Derby, in accordance with Conn. Gen. Stat. § 46a-101,  Plaintiff cannot pursue a CFEPA claim against Derby in district court.

Lastly , because it is undisputed that Plaintiff was represented by counsel at the time he filed his complaint with the CHRO and EEOC, the "identity of interest" exception does not apply to excuse his failure to exhaust his administrative remedies regarding either his ADEA or CFEPA claim.   Filing one's administrative action *pro se* is a threshold matter before the courts of this District will apply the exception.

For all of the foregoing reasons, Defendants' Motion to Dismiss (Doc. #15) is hereby GRANTED.  Plaintiff is hereby ORDERED to show cause within fourteen (14) days why Counts

One and Two of his Complaint should not be dismissed against defendant Robinson.

It is SO ORDERED.

Dated: New Haven, Connecticut
        June 18, 2010

/s/ Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge